UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN MULTI-CINEMA, INC.,<br><br>Plaintiff<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC,<br><br>Defendant. | No.  2:16-cv-01066-TLN-KJN<br><br>**ORDER FINDING THAT SUBJECT MATTER JURISDICTION EXISTS** |

This matter is before the Court pursuant to the Court's Minute Order, ordering the parties to submit briefing as to whether the Court has subject matter jurisdiction over this case. (ECF No. 12.)  For the reasons set forth below, the Court finds that it does have subject matter jurisdiction.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The parties' Joint Status Report indicated disagreement as to whether the Court has subject matter jurisdiction. (ECF No. 10.)  This Court issued a minute order *sua sponte*, ordering the parties to submit briefing on the matter. (ECF No. 12.) Plaintiff American Multi-Cinema, Inc. ("Plaintiff") is a corporation, incorporated in Missouri with its principal place of business in Kansas.  (ECF No. 13.)  Defendant Manteca Lifestyle Center, LLC ("Defendant") is an LLC.

(ECF No. 15.)

## II.     LEGAL STANDARD

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The burden is always on the party seeking to invoke the Court's subject matter jurisdiction. *NewGen, LLC v. Safe Cig, LLC*, Nos. 13-56157 14-57015, 13-56225, 2016 U.S. App. LEXIS 16410 (9th Cir. Sep. 7, 2016).

A corporation is deemed a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. §1332(c)(1); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). An LLC does not have independent citizenship status and instead holds the citizenship of its members for purposes of diversity jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

When information regarding a defendant's citizenship is not reasonably available, a plaintiff does not need to affirmatively plead, based on actual knowledge, specific details about the defendant's citizenship; it is sufficient to allege, on information and belief, that the defendants are diverse to the plaintiff. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082 (9th Cir. 2014).

## III.    Analysis

It is not in dispute that Plaintiff is a citizen of both Kansas and Missouri. Thus, for this Court to have subject matter jurisdiction under diversity, Defendant must not be a citizen of either state. The citizenship information provided in the parties' briefs indicates that none of Defendant's members are citizens of Missouri or Kansas. (ECF No. 13; ECF No. 15.) Therefore, absent Defendant showing one of its members is a citizen of Kansas or Missouri, the parties are diverse and this Court has subject matter jurisdiction over this case. Defendant has not proffered any evidence that would destroy diversity. Thus, the Court finds that Plaintiff has met its burden of pleading diversity jurisdiction.

///

### IV. CONCLUSION

For the foregoing reasons, the Court finds that it does have subject matter jurisdiction over this case. The Scheduling Order will issue shortly.

IT IS SO ORDERED.

Dated: September 26, 2016

Troy L. Nunley
United States District Judge