MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
E-mail: rplatt@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER A. RHEINHEIMER (Bar No. CA 253890)
E-mail: crheinheimer@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff
American Multi-Cinema, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN MULTI-CINEMA, INC., a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:16-CV-01066-TLN-KJN<br><br>**STIPULATION AND DISCOVERY CONFIDENTIALITY ORDER**<br><br>Action Filed: May 19, 2016<br>Trial Date: None Set |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and upon the agreement of Plaintiff American Multi-Cinema, Inc. and Defendant Manteca Lifestyle Center, LLC (individually, each a "Party" and collectively, the "Parties"), it is ORDERED as follows:

1. Any information produced or provided by or on behalf of any Party or non-party as part of discovery in the above-captioned matter and any appeals thereof (the "Action") that is not already publicly available, may be designated as "Confidential" and shall be subject to this Discovery Confidentiality Order. "Confidential" information consists of private or business information that would be protected under the constitutional, statutory, or common law rights to privacy, and it encompasses trade secrets, including, but not limited to, confidential business information such as marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, engineering and manufacturing drawings, market research, research and development relating to products not yet released or sold, correspondence and agreements with actual or prospective customers or vendors, financial information or projections, including without limitation, invoices, sales, licensing payments, licensing statements, budgets, statements of revenue, profits, costs or liabilities, actual or prospective customer lists, or other information that would put the producing person at a competitive disadvantage if the information became known to the receiving party or a third party. "Confidential" information shall also consist of any information, document, or thing, or portion of any document or thing that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 141.

2. Information designated "Confidential" may be used only in connection with this Action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Discovery Confidentiality Order.

3. Any Party or non-party wishing to take advantage of the provisions of this Discovery Confidentiality Order may designate as "Confidential" the documents or portions thereof that such producing party considers confidential at the time the documents are produced.

Each page of the document must be marked "Confidential" by the producing party. If any documents or things cannot be reasonably labeled as described above, the producing party shall instead inform the receiving Party in writing of the confidentiality designation. Originals shall be preserved for inspection. Information disclosed at a deposition may be designated by any Party as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Discovery Confidential Order.

4. Any documents or discovery responses labeled as "Confidential," as well as any copies or excerpts thereof or analyses or reports pertaining thereto, and any deposition testimony marked as "Confidential," (hereinafter, "Designated Materials") may be made available only to:

(a) Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for a Party in connection with this action;

(b) any Party's experts or consultants (and their staff); provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical and data processing personnel of the foregoing;

(d) a witness at any deposition in this Action (including persons whom counsel in good faith believe will testify at a deposition) and the witness's counsel; provided that the witness and the witness's counsel are informed or instructed on the record that the Parties expect to discuss information that is covered by a confidentiality order in the case, and that such information cannot be disclosed for any purposes not in connection with the litigation;

(e) Potential witnesses, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limit to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(g) the Parties or their officers, directors, or employees, to the extent that such

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

persons' review of the confidential information is in connection with the prosecution or defense of this action;

(h) judges, magistrate judges, law clerks, and other clerical personnel of the Court before which this Action is pending;

(i) mediators, settlement judges and clerical personnel of such neutrals; provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

(j) the jury, if any, in the trial of this Action.

(hereinafter collectively referred to as "Qualified Persons")

5. The outside counsel for the Party that has disclosed Confidential information to a non-party pursuant to subparagraphs 4(b) and 4(e) will maintain copies of all non-disclosure agreements executed by such parties.

6. With respect to any depositions that involve a disclosure of Confidential information of a Party to this action, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement. No such deposition transcript shall be disclosed to any individual other than the deponent or another Qualified Person during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition, to any individual other than the deponent or another Qualified Person during these thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to appropriately mark and limit disclosure of that transcript in accordance with the terms of this Discovery Confidentiality Order.

7. The restrictions set forth in this Discovery Confidentiality Order shall not apply to information which is known to the public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving Party, provided that such information does not become publicly known by any act or omission of the receiving Party or such Party's employees or agents which would be in violation of this

Discovery Confidentiality Order. Information previously designated as confidential in another legal proceeding does not qualify as "known to the public."

8. Any document including Designated Materials that is filed with the Court must be filed in compliance with Rule 141 of the Local Rules for the Eastern District of California.

9. If, at any time during this Action, any Party believes that any other Party or nonparty has improperly designated information as "Confidential" or believes that it is necessary to disclose designated information to persons other than those permitted by this Discovery Confidentiality Order, and the producing party does not agree to change the designation or to allow the disclosure, the objecting Party may make a motion to the Court requesting that the specifically identified Designated Material be excluded from the provisions of this Discovery Confidentiality Order or be available to specified other persons. It shall be the burden of the party who makes the designation to demonstrate that the Designated Material at issue was properly designated.

10. In the event that any Party (for purposes of this paragraph, the "Subpoenaed Party") is served with a subpoena, discovery request, or other demand by any person, firm, corporation, or other entity who is not a party to this Action, is not a signatory to this Discovery Confidentiality Order, or is otherwise not bound by this Discovery Confidentiality Order, which seeks to compel production of any Designated Materials, the Subpoenaed Party shall give written notice of the subpoena or demand to the Party or non-party (for purposes of this paragraph, the "Designating Party") who has asserted that the information or documents requested are "Confidential." The written notice required by this paragraph shall be given no later than five court days after receipt of the subpoena or other demand, or seven court days before the production date set forth in the subpoena or other demand, whichever is earlier. The Designating Party shall have the responsibility to obtain an order from the Court quashing the subpoena, granting a protective order, and/or granting such other relief as will protect the alleged confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the Subpoenaed Party shall not produce the subject information or

documents until after such time as the Court rules on the Designating Party's motion. If an order quashing the subpoena or other protective order is obtained, the Subpoenaed Party shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena or other demand, or if the motion to quash the subpoena or motion for protective order is denied, the Subpoenaed Party may comply with the same without being deemed to have violated this Discovery Confidentiality Order.

11. This Discovery Confidentiality Order shall not apply to any document or information obtained by a Party through discovery in this action which:

(a) was already a matter of public record or knowledge before its receipt through discovery;

(b) became a matter of public record or knowledge after its production in discovery; or

(c) was previously produced without a confidentiality restriction.

12. This Discovery Confidentiality Order may only be modified in a writing signed by the Parties and approved by an order of the Court.

13. The inadvertent or unintentional production of documents, materials, testimony or information containing, or other disclosure of, private, confidential, proprietary, or trade secret information that is not designated "Confidential" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a producing party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any information that is related or involves the same or related subject matter. Promptly upon discovering that the material was not designated "Confidential," the producing party shall request the return of the material in writing and simultaneously produce the same material with the applicable confidentiality designation, and the receiving party shall promptly return the undesignated material to the producing party. Compliance with this procedure by the receiving party shall not waive that party's right to contest the confidentiality designation in accordance with the provisions of this Discovery Confidentiality Order. Any error in designation or production shall be corrected as soon as reasonably possible after the producing party becomes aware of the error.

14. If information subject to a claim of attorney-client privilege or work-product immunity or any other privilege or immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a Party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing party within seven (7) business days of such request, unless the receiving party intends to challenge the producing party's assertion of privilege or immunity. If a receiving party objects to the return of such information within the seven (7) day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

15. This Discovery Confidentiality Order shall not affect the right of any Party to object to the production of any document or other information or to demand more stringent restrictions upon the treatment and disclosure of any document or other information, on the ground that such document or information contains particularly sensitive information, or otherwise.

16. This Discovery Confidentiality Order shall not prejudice the right of any Party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

17. Nothing in this Discovery Confidentiality Order shall be deemed either a waiver of any objection that any Party may have to the production of any document or information, nor an admission of the relevancy of any document or information requested. Furthermore, the production by a Party of documents or other tangible things pursuant to a request for production shall not be deemed a waiver of any right by such Party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or any other ground.

18. All provisions of this Discovery Confidentiality Order restricting the use, disclosure or communication of any Designated Materials shall continue to be binding on the Parties and their successors, assigns, heirs, and attorneys, after the conclusion of this Action.

19. This Discovery Confidentiality Order shall survive the final termination of this Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of any information disclosed hereunder.

20. Except as this Court may otherwise order, within one hundred and twenty (120) days after the final conclusion of this litigation (the "Retention Period"), each Party or other individual subject to the terms of this Discovery Confidentiality Order shall either assemble and return to the originating source, or destroy and provide the originating source with confirmation of the destruction of, all originals and unmarked copies of documents and things containing Confidential information and provide the originating source with confirmation of the destruction of this Confidential information; provided, however, that counsel may retain complete copies of all transcripts, pleadings, motion papers, legal memoranda, correspondence or other attorney work product, including any exhibits attached thereto, even if such materials contain or constitute Confidential information. Any such archival copies that contain or constitute Confidential information remain subject to the provisions of this Discovery Confidentiality Order. To the extent a Party requests the return of Confidential information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

21. This Order shall have an effective date of October 10, 2016.

STIPULATED AND AGREED TO:

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: May 4, 2017                                    MANATT, PHELPS & PHILLIPS, LLP

By:/s/ Robert H. Platt
   Robert H. Platt
   Attorneys for Plaintiff
   American Multi-Cinema, Inc.

Dated: May 4, 2017                                    WONG FLEMING

By:/s/ Dan Fleming [auth. on May 4, 2017]
   Dan Fleming
   Attorneys for Defendant
   Manteca Lifestyle Center, LLC

IT IS SO ORDERED, except that:

1. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.
2. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.
3. The court will not have an obligation to return any confidential materials filed or lodged with the court upon termination of the action.

Dated: June 5, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE