UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN MULTI-CINEMA, INC, a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 2:16-cv-01066-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff American Multi-Cinema, Inc.'s ("Plaintiff") Motion for Attorneys' Fees. (ECF No. 136.) Defendant Manteca Lifestyle Center, LLC ("Defendant") opposed the motion. (ECF No. 140.) Plaintiff filed a reply. (ECF No. 141.) Also before the Court is Plaintiff's Bill of Costs (ECF No. 134) and Defendant's objections thereto (ECF No. 135). For the reasons set forth below, the Court GRANTS Plaintiff's motion and AWARDS Plaintiff $1,624,337.50 in attorneys' fees and $171,387.69 in costs.

///

///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case involves a contract dispute between Plaintiff, a movie theater company, and Defendant, a shopping center that leased space to Plaintiff.  In short, Plaintiff alleged Defendant overcharged Plaintiff for property taxes based on an improper interpretation of the lease.  Plaintiff sued Defendant on May 19, 2016, alleging claims for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) declaratory relief; and (4) constructive trust and unjust enrichment.[1]  (ECF No. 1.)

The Court conducted a three-day bench trial beginning July 26, 2022, and concluding July 28, 2022.  The Court issued findings of fact and conclusions of law on June 2, 2023.  (ECF No. 128.)  The Court issued a supplement to the findings of fact and conclusions of law on July 5, 2023, finding Plaintiff was entitled to $1,943,504.04 in damages.  (ECF No. 132.)  The Court entered judgment in Plaintiff's favor that same day.  (ECF No. 133.)

Plaintiff filed a bill of costs on July 19, 2023, seeking costs in the amount of $171,387.69. (ECF No. 134.)  Defendant filed objections to Plaintiff's bill of costs.  (ECF No. 142.)  Plaintiff filed the instant motion on August 2, 2023, seeking attorneys' fees and additional costs incurred in bringing the motion for attorneys' fees.  (ECF No. 136.)  The Court first will address Plaintiffs' motion for attorneys' fees and then the bill of costs.

## II.    ATTORNEYS' FEES

### A.     Standard of Law

In the Ninth Circuit, the starting point for determining reasonable attorneys' fees is the "lodestar" calculation, which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.  *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  In determining a reasonable number of hours, the Court reviews detailed time records to determine whether the hours claimed are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive.  *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g*

---

[1]   On November 3, 2020, the Court granted summary judgment in Defendant's favor on Plaintiff's constructive trust and unjust enrichment claim.  (ECF No. 69 at 19.)

2

1  *denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).  In determining a reasonable
2  rate for each attorney, the Court must look to the rate prevailing in the community for similar
3  work performed by attorneys of comparable skill, experience, and reputation.  *Id.* at 1210–11.
4        In calculating the lodestar, the Court considers any relevant factors listed in *Kerr v. Screen*
5  *Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976).  The *Kerr* court
6  looked to the following factors: (1) the time and labor required; (2) the novelty and difficulty of
7  the questions involved; (3) the skilled requisite to perform the legal service properly; (4) the
8  preclusion of other employment by the attorney due to acceptance of the case; (5) the customary
9  fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the
10 circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,
11 and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
12 professional relationship with the client; and (12) awards in similar cases.  526 F.2d at 70; *see*
13 *Jordan*, 815 F.2d at 1264 n.11 (noting the Ninth Circuit no longer requires a court to address
14 every factor listed in *Kerr*).

15       B.    <u>Analysis</u>

16       Plaintiff seeks $2,250,911.81 in attorneys' fees.  (ECF No. 141 at 6.)  In opposition,
17 Defendant argues the Court should not apply the lodestar analysis and should instead award
18 Plaintiff 20–25% of the Court's damages award, which would equate to between $388,700.81 and
19 $485,876.01 in attorneys' fees.  (ECF No. 140 at 6.)  Alternatively, Defendant argues Plaintiff is
20 entitled to no more than $737,954.87 in fees under the lodestar analysis.  (ECF No. 140 at 5–6.)
21       As a preliminary matter, the Court disagrees with Defendant that awarding Plaintiff 20–
22 25% of the $1,943,504.04 damages award would constitute a reasonable fee award.  As Plaintiff
23 correctly points out, the amount at issue in this case was more than the $1,943,504.04 damages
24 awarded for past overpayments — also at issue was the cost of future payments for the remaining
25 term of the lease.  Defendant does not sufficiently rebut Plaintiff's argument that over $11 million
26 in past and future payment amounts was at stake in this litigation.  (ECF No. 136-1 at 6 (citing a
27 declaration from Ronald Herman, Plaintiff's Vice President of Leasing, stating that Plaintiff
28 would have incurred over $9 million in additional tax liabilities during the remaining term of its

3

lease had Plaintiff not prevailed at trial).) Further, the lease does not dictate a method for determining a reasonable fee award, nor does it preclude the Court from using the lodestar analysis. For these reasons, the Court will use the lodestar analysis to resolve the instant motion. The Court will address the reasonableness of the requested rates and hours expended in turn.

*i.     Reasonableness of Requested Rates*

In determining the reasonableness of hourly rates, the Court refers to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan*, 814 F.2d at 1263. "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Courts also rely on their own familiarity with the market in the district where the court sits. *Ingram*, 647 F.3d at 928; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.") (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

Plaintiff requests attorneys' fees primarily for the work of: (1) Robert H. Platt; (2) Martin Steere; (3) Christopher Rheinheimer; (4) Christian Baker; and (5) Thomas Worger. (ECF No. 136-10 at 7.) Platt, a partner, billed an hourly rate that increased from $774 in 2015 to $1,260 in 2023. (ECF No. 136-8.) Steere, a partner, billed an hourly rate that increased from $671 in 2015 to $892 in 2022. (*Id.*) Rheinheimer, a ninth-year associate, billed an hourly rate that increased from $594 in 2016 to $671 in 2019. (*Id.*) Baker, a partner, billed an hourly rate that increased from $720 in 2020 to $932 in 2023. (*Id.*) Worger, a seventh-year associate, billed an hourly rate that increased from $766 in 2022 to $848 in 2023. (*Id.*) Plaintiff submits a declaration from Platt attesting to the experience and skills of each of these attorneys. (ECF No. 136 at 10.)

Most of these requested rates are significantly higher than those typically approved of in this district. *See, e.g.*, *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, No. 1:16-cv-

1  00157-DAD-JLT, 2017 WL 5665848, at *8 (E.D. Cal. Nov. 27, 2017) (awarding $350 per hour
2  for an associate attorney and $525 for a partner); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D.
3  431, 452–53 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two
4  to eight years of experience, $720 per hour for an attorney with 21 years of experience, and $100
5  per hour for legal assistants); *Gong-Chun v. Aetna Inc.*, No. 1:09-cv-01995-SKO, 2012 WL
6  2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $300 and $420 per hour for
7  associates and between $490 and $695 per hour for senior counsel and partners); *Velasco v. Mis*
8  *Amigos Meat Market, Inc.*, No. 2:08-cv-0520-TLN-EFB PS, 2013 WL 5755054, at *12 n.4 (E.D.
9  Cal. Oct. 23, 2013), *findings and recommendation adopted*, ECF No. 88 (Feb. 26, 2014)
10 (approving a partner rate of $650 per hour, a senior associate rate of $495 per hour, and a junior
11 associate rate of $395 per hour).

12    To justify the requested rates, Plaintiff cites a declaration from Gary Greenfield, a
13 consultant on legal fee issues, who opines that the requested rates are reasonable.  (ECF No. 136-
14 5.)  Plaintiff also argues it retained counsel from outside the Sacramento market and that the firm
15 charges the same rates for attorneys based in its Sacramento office that it charges for attorneys in
16 San Francisco and Los Angeles.  (ECF No. 136-1 at 8–10.)  Plaintiff contends the experience and
17 skills of its counsel also justify the increased rate.  (*Id.*)  Lastly, Plaintiff emphasizes that the
18 requested rates reflect a 10% discount and over $300,000 of written off time.  (*Id.*)

19    In opposition, Defendant argues the requested rates far exceed Sacramento rates.  (ECF
20 No. 140 at 12.)  The Court agrees.  Plaintiff does not provide authority showing courts in this
21 district have approved of rates as high as those Plaintiff proposes, nor does Plaintiff cite authority
22 for the proposition that the Court should apply rates from the Los Angeles or San Francisco
23 markets.  To the contrary, the relevant authority overwhelmingly holds a court should consider
24 prevailing rates from the market in which the court sits.  *See Ingram*, 647 F.3d at 928.

25    Having considered the parties' evidence on this issue and based on the Court's familiarity
26 with this market, the Court approves the following reduced flat rates: (1) a rate of $700 per hour
27 for Platt; (2) a rate of $700 per hour for Steere; (3) a rate of $500 per hour for Rheinheimer; (4) a
28 rate of $700 per hour for Baker; and (5) a rate of $500 per hour for Worger.  The Court also

1    reduces the remaining rates as follows: partners who were not primary billers to $650 per hour;
2    paralegals to $200 per hour; summer associates to $200 per hour; and associate attorneys to $375
3    per hour.  These rates comport with rates recently awarded in this district.  *See, e.g.*, *Mostajo v.*
4    *Nationwide Mut. Ins. Co.*, No. 2:17-CV-00350-DAD-AC, 2023 WL 2918657, at *11 (E.D. Cal.
5    Apr. 12, 2023) (approving requested rates of $650 to $750 for attorneys with over thirty years of
6    experience, $200 for paralegals and law clerks, and $375 to a third-year attorney in the Eastern
7    District of California).  Lastly, Plaintiff makes no effort to explain to the Court why time billed by
8    "practice support analysts" and "specialists" are recoverable as attorneys' fees.  Therefore, the
9    Court declines to award fees for time billed by those individuals.

10                     *ii.      Reasonableness of Hours Expended*

11    Defendant argues the hours expended were unreasonable due to: (1) overstaffing; (2)
12    block billing; (3) excessive time billed for drafting the motion for summary judgment; (4)
13    excessive time billed for discovery; (5) excessive trial preparation time; and (6) excessive trial
14    time.  (ECF No. 140 at 12–15.)

15    Generally, a court should defer to counsel's professional judgment as to how much time
16    was spent on the case.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).
17    Counsel is not required to record this time in great detail but must provide the general subject
18    matter for the task performed.  *Hensley*, 461 U.S. at 437 n.12.  However, a court may reduce the
19    hours if the time claimed is excessive, redundant, or otherwise unnecessary.  *Cunningham v.*
20    *Cnty. of L.A.*, 879 F.2d 481, 484 (9th Cir. 1988).  The party seeking attorneys' fees bears the
21    burden of producing documentary evidence demonstrating the number of hours spent on and rates
22    in the litigation.  *McCown v. City of Fontana Fire Dep't*, 565 F.3d 1097, 1102 (9th Cir. 2009).
23    The burden then shifts to the opposition to submit evidence challenging the accuracy and
24    reasonableness of the hours charged, the facts of the affidavit, and calculations.  *Ruff v. Cnty. of*
25    *Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

26    The instant case spanned over seven years and involved considerable amounts of
27    evidence, extensive briefing, and complex legal issues, all of which culminated in a three-day
28    bench trial.  Plaintiff has submitted billing records that include sufficient detail about the tasks

performed during this case.² While Defendant vaguely argues the time spent was excessive and the case was overstaffed, Defendant fails to rebut Plaintiff's fee request with sufficient evidence to persuade the Court that the time spent was unreasonable. *See Moreno*, 534 F.3d at 1115 (stating a court "may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests"). Thus, the Court declines to reduce the hours expended.

### iii.    *Lodestar Calculation*

Based on the Court's findings stated above, the Court calculates the lodestar amount as follows:

Attorneys

1. Robert Platt (Partner) $700 per hour for 710.25 hours = $497,175 total
2. Christian Baker (Partner) $700 per hour for 616.75 hours = $431,725 total
3. Christopher Rheinheimer (Ninth-Year Associate) $500 per hour for 586.50 hours = $293,250 total
4. Thomas Worger (Seventh-Year Associate) $500 per hour for 313.25 hours = $156,625 total
5. Martin Steere (Partner) $700 per hour for 207 hours = $144,900 total
6. Bryan Leroy (Partner) $650 per hour for 10.75 hours = $6,987.50 total
7. Stephanie Roeser (Second-Year Associate) $375 per hour for 7.5 hours = $2,812.50 total
8. Hana Hong (Second-Year Associate) $375 per hour for 4 hours = $1,500 total
9. Victor de la Cruz (Partner) $650 per hour for .75 hours = $487.50 total
10. Steven Goldberg (Partner) $650 per hour for .75 hours = $487.50 total

---

² Defendant argues there are declarations missing from the several attorneys who billed time in this case. (ECF No. 140 at 18.) Defendant fails to cite authority holding that such declarations are necessary. For its part, Plaintiff cites authority from this district holding that a single declaration from a lead attorney with attached invoices is sufficient to meet the initial burden of showing that the hours detailed are reasonable. (ECF No. 141 at 13 (citing *Martinez v. Ford Motor Co.*, No. 118CV01607NONEJLT, 2021 WL 3129601, at *4 (E.D. Cal. July 23, 2021)).) The Court agrees with Plaintiff that Mr. Platt's declaration is sufficient.

11. Jeffrey Mannisto (Partner) $650 per hour for .5 hours = $325 total

12. Carl Grummer (Partner) $650 per hour for .25 hours = $162.50 total

<u>Paralegals and Summer Associates</u>

1. Tiffany Olson (Paralegal) $200 per hour for 189 hours = $37,800 total

2. Michelle Cooper (Paralegal) $200 per hour for 118.75 hours = $23,750 total

3. Faye Stephenson (Paralegal) $200 per hour for 97 hours = $19,400 total

4. Emily Dieli (Summer Associate) $200 per hour for 25.25 hours = $5,050 total

5. Renee Guzman-Simon (Paralegal) $200 per hour for 6.5 hours = $1,300 total

6. Noela Malecela (Summer Associate) $200 per hour for 3 hours = $600 total

The total lodestar amount equals $1,624,337.50. The Court finds this amount constitutes a reasonable fee award.

**III.  COSTS**

A.  Standard of Law

Under Federal Rule of Civil Procedure 54(d)(1), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. *See Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).

A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 ("§ 1920") and, in this district, by Local Rule 292. 28 U.S.C. § 1920; E.D. Cal. L.R. 292. Section 1920 enumerates which fees and expenses the Court may tax as costs. 28 U.S.C. § 1920. Local Rule 292(a) prescribes that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920," and Local Rule 292(f) provides a list of specific fees and expenses that are taxable as costs. E.D. Cal. L.R. 292(a), (f). Local Rule 262(b) requires the prevailing party to file a bill of costs not later than 14 days after the entry of judgment. E.D. Cal. L.R. 292(b).

///

///

B. <u>Analysis</u>

In Plaintiff's bill of costs, it seeks a total of $171,387.69. (ECF No. 134.) The bulk of these costs are listed as "other costs" rather than enumerated statutory costs. (*Id.* at 1.) Plaintiff argues these "other costs" are recoverable pursuant to California Civil Code § 1717 because the lease provides that the prevailing party is entitled to "court costs," which Plaintiff interprets to mean as all reasonable costs. (ECF No. 134-1 at 2.)

Defendant filed objections to Plaintiff's bill of costs. (ECF No. 135.) Defendant argues the "other costs" Plaintiff seeks are not "court costs." (*Id.* at 1.) Defendant contends "court costs" relate only to filing fees paid to the Clerk of Court and thus Plaintiff is only entitled to $21,160.68 in costs. (*Id.* at 2.)

The Ninth Circuit has held that costs are not limited to those defined in 28 U.S.C. § 1920 "when there is an action on a contract under Cal. Civil Code § 1717, and the 'plain language' of the agreement indicates that 'the prevailing party [is] to recover all costs.'" *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 1:15-cv-01435-LJO-JLT, 2017 WL 2275029, at *14 (E.D. Cal. May 25, 2017), *report and recommendation adopted*, No. 1:15-cv-01435-LJO-JLT, 2017 WL 2630082 (E.D. Cal. June 19, 2017) (citing *Hobson v. Orthodontic Ctrs. of Am. Inc.*, 220 Fed. App'x 490, 491 (9th Cir. 2007)).

Defendant does not dispute that the instant breach of contract action falls within the purview of California Civil Code § 1717. Instead, Defendant argues — in a conclusory fashion and without citing any authority — that Plaintiff's requested costs are not "court costs" within the meaning of the lease. For its part, Plaintiff cites *Texas Com. Bank v. Garamendi*, 28 Cal. App. 4th 1234, 1249 (1994), *as modified on denial of reh'g* (Oct. 28, 1994). While *Texas Com. Bank* admittedly contains only minimal discussion on this issue, Plaintiff correctly points out that the court stated "prevailing parties in an action on [a] contract which provide[s] for the award of 'court costs' . . . [are] entitled to reasonable costs." 28 Cal. App. 4th at 1249. Defendant makes no effort to rebut or even address *Texas Com. Bank*.

Based on the limited arguments before the Court, Defendant fails to persuade the Court that Plaintiff is not entitled to the costs it seeks in the bill of costs. *See Save Our Valley v. Sound*

1 *Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("[T]he losing party must show why costs should not
2 be awarded."). However, the Court declines to award Plaintiff costs purportedly incurred in
3 connection with litigating its motion for attorneys' fees as these costs are not included within its
4 bill of costs. Therefore, the Court awards Plaintiff $171,387.69 in costs.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion and AWARDS Plaintiff $1,624,337.50 in attorneys' fees and $171,387.69 in costs.

IT IS SO ORDERED.

Date: March 25, 2024

_____
Troy L. Nunley
United States District Judge